

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE DER-YEGHIAYAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08CR 0108 |
| v. | ) ) ) | Judge MAGISTRATE JUDGE MASON |
| LARRY MELVIN, SHAUN CHANEY, MARIA VEGA and MARY DOCHEE | ) ) ) ) | Violations: Title 18, United States Code, Sections 1343 and 2 |

FEB 0 5 2008

FILED

FEB - 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

COUNT ONE

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1. At times material to this indictment:

   a. Defendants LARRY MELVIN and MARIA VEGA were employed by Equity Express, a mortgage brokerage company, as a loan officer and a loan processor, respectively, and brokered financing for real estate purchases.

   b. Defendant SHAUN CHANEY recruited persons to purchase real estate and obtain financing through Equity Express.

   c. Defendant MARY DOCHEE was a co-owner and operator of Company A, a business that bought, rehabbed and sold real estate.

2. Beginning in or about 2003 and continuing through in or about 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LARRY MELVIN,
SHAUN CHANEY,
MARIA VEGA and
MARY DOCHEE,

defendants herein, together with others known and unknown to the grand jury, devised, attempted to devise, and participated in a scheme to defraud and to obtain money and property owned by and

under the custody and control of BNC Mortgage and other banks and lenders, by means of materially false and fraudulent pretenses, representations, and promises, as described below.

3. It was part of the scheme that defendants LARRY MELVIN, SHAUN CHANEY, MARY DOCHEE, and others recruited individuals to buy properties through Equity Express by promising potential buyers they would not have to use any of their own money for down payments or earnest money deposits, that the properties were ready for occupancy, and that they would be paid money to act as buyers and attend the closings.

4. It was further part of the scheme that defendants LARRY MELVIN, SHAUN CHANEY, MARY DOCHEE and others referred the buyers to defendants LARRY MELVIN, MARIA VEGA and other loan officers and loan processors at Equity Express so fraudulent mortgage loan applications could be prepared on the buyers' behalf.

5. It was further part of the scheme that defendants LARRY MELVIN, SHAUN CHANEY and MARIA VEGA prepared, and caused others to prepare, mortgage loan application packages that were fraudulent in that they contained a variety of false statements regarding the buyers' employment, income, assets and liabilities, and were designed to induce lenders to issue mortgage loans to buyers who would not otherwise have qualified for such loans.

6. It was further part of the scheme that defendants LARRY MELVIN, SHAUN CHANEY, MARIA VEGA and MARY DOCHEE created, and caused others to create, false W-2 Wage and Tax Statements ("W-2s"), false earnings statements, false verifications of employment ("VOEs"), false verifications of rent ("VORs"), false leases and false tenant ledgers to support the false statements in the loan applications regarding the buyers' employment and income; and false verifications of deposit ("VODs") to support the false representations in the loan applications

regarding the amount of money and source of the deposits in the buyers' bank accounts.

7. It was further part of the scheme that defendants caused some fraudulent mortgage loan packages submitted to lenders to misrepresent that the buyers had paid rent for properties managed by a property management company called Ezra, Inc. and by Company A, when in fact neither company managed the properties at issue, and the buyers did not rent property through them.

8. It was further part of the scheme that defendants LARRY MELVIN, SHAUN CHANEY, MARIA VEGA and MARY DOCHEE submitted, and caused others to submit, loan application packages to lenders containing, among other things, the false documents referred to above, namely, the false loan applications, W-2s, earnings statements, VOEs, VODs, VORs and leases well knowing that the false statements in those documents were material to the lenders' decisions to issue mortgage loans to buyers of the properties, and were made for the purpose of inducing the lenders to issue loans to individuals who were not qualified for the loans.

9. It was further part of the scheme that defendant MARY DOCHEE provided, and caused others to provide, down payment and earnest money checks to the buyers of the properties which were false in that they listed the buyers as remitters, when in fact the buyers were not remitters and had not contributed any money toward a down payment or earnest money, and caused false down payments and earnest money checks to be presented at closings to deceive lenders by creating the false impression that the buyers had made down payments and had paid earnest money.

10. It was further part of the scheme that defendants LARRY MELVIN, SHAUN CHANEY and MARY DOCHEE received the proceeds of mortgage loans that lenders issued to buyers of the properties on or near the dates of the closings on the property sales and defendants and their co-schemers used those loan proceeds to enrich themselves and to keep the scheme going by

3

using the funds to buy and sell more property.

11.  It was further part of the scheme that defendants LARRY MELVIN, SHAUN CHANEY, MARIA VEGA and MARY DOCHEE and others, concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme.

12.  As a result of the fraudulent acts of defendants LARRY MELVIN, SHAUN CHANEY, MARIA VEGA and MARY DOCHEE and others, various banks and lenders issued mortgage loans to buyers of the properties in an amount totaling more than $19,200,000, and to incur losses on the mortgage loans because they were not repaid by the borrowers and because at least some of the properties were abandoned or in poor condition.

13.  On or about January 30, 2004, at Wilmette, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LARRY MELVIN and
> MARIA VEGA,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $163,078 from Deutsche Bank, New York, New York, to US Bank in Cincinnati, Ohio, for credit to the account of City Suburban Title, which funds represented the proceeds of a mortgage loan issued to Buyer A for the purchase of a residence located at 325 S. 24th Avenue, Bellwood, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about February 25, 2004, at Wilmette, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LARRY MELVIN and
> MARIA VEGA,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $123,230 from Deutsche Bank, New York, New York, to US Bank in Cincinnati, Ohio, for credit to the account of City Suburban Title, which funds represented the proceeds of a mortgage loan issued to Buyer A for the purchase of a residence located at 7629 S. Eggleston Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.  The allegations in paragraphs 1 through 13 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.  On or about October 7, 2004, at Wilmette, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LARRY MELVIN and
> MARIA VEGA,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $265,773 from Deutsche Bank, New York, New York, to Fifth Third Bank in Cincinnati, Ohio, for credit to the account of City Suburban Title, which funds represented the proceeds of a mortgage loan issued to Buyer B for the purchase of a residence located at 3715 W. Grenshaw Street, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about November 4, 2004, at Frankfort, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LARRY MELVIN,
> SHAUN CHANEY and
> MARY DOCHEE,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $201,839 from Deutsche Bank, New York, New York, to Fifth Third Bank in Cincinnati, Ohio, for credit to the account of City Suburban Title, which funds represented the proceeds of a mortgage loan issued to Buyer C for the purchase of a residence located at 4101 W. 187th Place, Country Club Hills, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about November 24, 2004, at Wilmette, in the Northern District of Illinois, Eastern Division, and elsewhere,

LARRY MELVIN and
MARIA VEGA,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $172,739 from Deutsche Bank, New York, New York, to Fifth Third Bank in Cincinnati, Ohio, for credit to the account of City Suburban Title, which funds represented the proceeds of a mortgage loan issued to Buyer D for the purchase of a residence located at 9369 S. Burnside Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about December 27, 2004, at Bensenville, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LARRY MELVIN,
> SHAUN CHANEY
> MARIA VEGA and
> MARY DOCHEE,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $175,477 from Deutsche Bank, New York, New York, to LaSalle Bank in Chicago, Illinois, for credit to the account of Metropolitan Title, which funds represented the proceeds of a mortgage loan issued to Buyer E for the purchase of a residence located at 16407 Woodlawn West Avenue, South Holland, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about April 28, 2005, at Oak Brook, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LARRY MELVIN and
> MARIA VEGA,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $237,901 from Deutsche Bank, New York, New York, to MB Financial Bank in Chicago, Illinois, for credit to the account of TriStar Title, which funds represented the proceeds of a mortgage loan issued to Buyer F for the purchase of a residence located at 4944 W. Fulton Street, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT EIGHT

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about June 17, 2005, at Oak Brook, in the Northern District of Illinois, Eastern Division, and elsewhere,

LARRY MELVIN,
MARIA VEGA and
MARY DOCHEE,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $143,956 from Deutsche Bank, New York, New York, to MB Financial Bank in Chicago, Illinois, for credit to the account of TriStar Title, which funds represented the proceeds of a mortgage loan issued to Buyer G for the purchase of a residence located at 7120 S. Carpenter, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2006-1 GRAND JURY further alleges:

1. The allegations in Counts One through Eight of this superseding indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2. As a result of their violations of Title 18, United States Code, Section 1343, as alleged in Counts One through Eight,

>    LARRY MELVIN,
>    SHAUN CHANEY,
>    MARIA VEGA and
>    MARY DOCHEE,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest they may have in any property constituting, and derived from, proceeds they obtained directly or indirectly as the result of such violations.

3. The interests of defendants subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), include the sum of approximately $19,200,000.

4. If any of the forfeitable property described above, as a result of any act or omission by defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY